**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4351**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JARNARO C. MIDDLETON,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Patrick Michael Duffy, District
Judge. (2:04-cr-01094-PMD)

Submitted: December 14, 2006      Decided:  December 19, 2006

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant. Brent Alan
Gray, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM.

Pursuant to a plea agreement, Jarnaro Carlos Middleton pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000), 18 U.S.C. § 924(a)(2) (2000), and 18 U.S.C.A. § 924 (e) (West 2000 & Supp. 2006). The district court sentenced him under the Armed Career Criminal Act to the statutorily-mandated minimum sentence of 180 months of imprisonment. Middleton's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of the adequacy of the plea colloquy but stating that, in his view, there are no meritorious issues for appeal. Middleton was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

Middleton points out that the district court failed to inform him that he could persist in his plea of not guilty as required by Fed. R. Crim. P. 11(b)(1)(B) and also failed to discuss the provision in his plea agreement waiving his appellate rights. Because Middleton did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the record on appeal convinces us that the district court's failure to explicitly tell Middleton that he could persist in his plea of not guilty did not affect Middleton's substantial rights. And because the Government is not seeking to

enforce the waiver provision in Middleton's plea agreement, the court's omission in discussing the waiver also did not affect Middleton's substantial rights. <u>United States v. Goins</u>, 51 F.3d 400, 402 (4th Cir. 1995) (discussing factors courts should consider in determining whether substantial rights affected in decision to plead guilty).

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Middleton's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>